# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI

ROCHELLE MARIE MAYES   )
           )
   Plaintiff,    )
           )
  v.        )   Case No. 4:17 – CV - 02905
           )
MICHAEL REUTER, et al.,   )
           )
   Defendants.   )

## DEFENDANTS' MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendants Katrina Lingenfelter, and Ashley Scrivner[1] ("Defendants"), by and through counsel, hereby submit the following Memorandum in Support of their Motion to Dismiss Plaintiff's Complaint ("Complaint"). [ECF Document No. 1].

## INTRODUCTION

Plaintiff Rochelle Marie Mayes ("Plaintiff") filed her Complaint with the Eastern District of Missouri on December 19, 2017. [ECF Document No. 1]. Plaintiff alleges federal and state claims of political discrimination, racial discrimination, equal protection violations as well as politically and racially-

---

[1] Plaintiff refers to Defendant Scrivner alternately as "Christy" and "Ashley." It is assumed hereinafter that all references to "Scrivner" are the same person.

1

motivated retaliation. *Id.* Plaintiff worked as a Deputy Clerk in the Circuit Court for Jefferson County for seventeen years. *Id.* An election for Clerk of the Circuit Court took place in November of 2014. Plaintiff supported the eventual loser – Jeanette McKee. Defendant Michael Reuter won the election and continued on to take his place as Clerk of the Circuit Court for Jefferson County. *Id.* Plaintiff alleges that as a result of her political affiliation and race, she was demoted in December of 2016 and fired in October of 2017. *Id.*

Plaintiff alleges the following claims against Defendants Lingenfelter and Scrivner: Federal Political Discrimination under 42 U.S.C. §1983, Federal Politically-motivated Retaliation under 42 U.S.C. §1983, Federal Racial Discrimination and Equal Protection violations under 42 U.S.C. §1983, Federal Racial Discrimination under Title VII, Federal Racially-motivated Retaliation under Title VII, State claims of Racial Discrimination under the Missouri Human Rights Act ("MHRA") and State claims of Racially-motivated Retaliation under the MHRA. Plaintiff prays for relief in the form of two-million, three-hundred-and-one thousand dollars ($2,301,000.00) from all Defendants jointly and severally.

Plaintiff has failed to exhaust her administrative remedies with respect to Defendants Lingenfelter and Scrivner. Further, the facts alleged by Plaintiff in her Complaint are insufficient to establish any state or federal

claims against Defendants Lingenfelder and Scrivner. Consequently, the Court should dismiss Plaintiff's claims against these Defendants as alleged in Counts I, II, III, IV, V, VI and VII.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b) (6) permits a party to move to dismiss a complaint if the plaintiff fails to state a claim upon which relief can be granted. The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (citing *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)).

> To survive a motion to dismiss, a complaint must contain: sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal citations omitted).

Furthermore, "the tenet that a court must accept as true all of the

allegations contained in a complaint is inapplicable to legal conclusions." *Id*.

"Determining whether a complaint states a plausible claim for relief will… be

a context-specific task that requires the reviewing court to draw on its

judicial experience and common sense." *Id*. at 679.  "Where the allegations

show on the face of the complaint there is some insuperable bar to relief,

dismissal under Rule 12(b) (6) is appropriate." *Benton v. Merrill Lynch & Co.,

Inc.*, 524 F.3d 866, 870 (8th Cir. 2008).

## ARGUMENT

In regards to Defendants Lingenfelter and Scrivner, Plaintiff has failed

to exhaust her administrative remedies as required by 42 U.S.C. §1983.

Further, assuming arguendo Plaintiff had exhausted her administrative

remedies, she fails to allege facts sufficient to establish the required personal

knowledge under the same statute, 42 U.S.C. §1983. Overall, Plaintiff fails to

allege facts sufficient to establish any claims against Defendants

Lingenfelder or Scrivner. Finally, Defendants are entitled to qualified

immunity from Plaintiff's § 1983 claims.

Plaintiff spends 147 paragraphs, thirty-four (34) pages and seven (7)

counts recounting allegations. Over thirty of the referenced paragraphs

assert the rights and claims of others, not Plaintiff. The remainders of the

allegations, where relevant, fail to elucidate any actionable involvement or

personal knowledge of Defendants sufficient to establish claims against them. In order to state a cognizable claim for personal liability against a state official under § 1983, a Plaintiff must allege, at a minimum, that a defendant was personally involved in, or was directly responsible for, the violation of Plaintiff's constitutional rights. *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007). As such, Plaintiff's Counts I – VII should be dismissed.

### A. Plaintiff may not bring a claim based on the rights of others.

Plaintiff has not brought a class action and does not have third party standing. Plaintiff is entitled to assert her own legal rights but not those of others. *U.S. Dept. of Labor v. Triplett*, 494 U.S. 715 (1990). There is a presumption against third-party standing, the likes of which is rebutted only in the face of an assertion that the third party or parties cannot, for an established reason, assert their own rights. *Miller v. Albright*, 523 U.S. 420, 422 (1988); *Singleton v. Wulff*, 428 U.S. 106, 113 (1976); *Powers v. Ohio*, 499 U.S. 400, 411 (1991).

Plaintiff spends roughly thirty-four (34) paragraphs recounting facts regarding the treatment of other people in the office. Pages four – eleven recount the office experience of other clerks – Susan Hickman, Sharon Hickman, Laurie Laiben, Tracy VanMetre – and a candidate for Clerk of Jefferson County (Jeanette McKee). In fact, Plaintiff does not get to her own

allegations until page twelve of her Complaint. Plaintiff does not have standing to secure the rights of others or bring her claim upon experiences of others.

### B. Plaintiff failed to exhaust her administrative remedies

Plaintiff filed her charge of discrimination with the Equal Employment Opportunity Commission on December 26, 2016. [ECF Document No. 1 – 1, Exhibit A to Plaintiff's Complaint].   Plaintiff filed her Charge of Discrimination with the Missouri Commission on Human Rights on April 21, 2017. [ECF Document No. 1 – 2, Exhibit B to Plaintiff's Complaint]. Both charges are explicitly directed at her direct supervisor – Judge Darrell E. Missey. Both charges consist of limited and specific allegations of potential obesity-related disability discrimination by Judge Missey. Neither charge mentions an intent to sue either Defendant or allegations of discrimination by either Defendant explicitly or implicitly. Neither charge mentions <u>any</u> facts supporting an inference of discrimination by either Defendant.

> #### i. *Plaintiff's Federal Claims are barred based on a failure to exhaust administrative remedies.*

> [A]n employee cannot bring a discrimination claim under Title VII without first exhausting his or her administrative remedies. [] Furthermore, in order to exhaust administrative remedies, the claimant is required to demonstrate good faith participation in the administrative process, which includes making specific charges and providing information necessary to

the investigation.

*Mercer v. City of Cedar Rapids, Iowa*, 79 F. Supp. 2d 1055 (1999) (quoting *Briley v. Carlin*, 172 F.3d 567, 571 (8th Cir. 1999); *Hanenburg v. Principal Mut. Life Ins. Co.,* 118 F.3d 570, 573 (8th Cir. 1997)) (quotations and citations omitted).  The purpose of requiring specificity of charges in federal Equal Employment Opportunity Commission ("EEOC") charges is not only to give appropriate notice, but to grant the administrative body its proper jurisdiction in analyzing and vetting claims before they go to district courts.

Plaintiff wrote a letter to the Equal Employment Opportunity Commission ("EEOC") regarding her intent to sue on December 26, 2016. [ECF Document No. 1-1, Plaintiff's Exhibit A to her Complaint]. In her letter of intent, Plaintiff asserted that she sought to file charges of discrimination against "Darrell E. Missey" and "Michael E. Reuter." *Id* at p.3. Plaintiff's grounds for her claim against the above gentlemen are listed as: "obesity," "disability (arthritis)," "race," and "age." *Id*. At *no point* in her charge to the EEOC does Plaintiff mention political affiliation or an intention and/or request to sue on the basis of political discrimination. In fact, the tenor and focus of Plaintiff's letter is that Judge Missey discriminated against her because she was over-weight and having problems with her knees. While she mentions she is African-American, at no point does she reference any racial

7

issues she's had with Judge Missey or anyone else in the office. Plaintiff mentions in passing that she is angry that a "tall, blonde, slim, [and] younger [] Caucasian" woman would receive a position she thought should rightfully be Plaintiff's. Plaintiff also asserts that she feels humiliated and that she shouldn't have to face the young Caucasian woman who took what was hers.

The EEOC found Plaintiff's claims had no merit and thusly issued her a right-to-sue letter and the corresponding right "to bring civil action within 90 days [] against the **respondent(s) named in the complaint**." [ECF Document 1 – 3, Exhibit C and D of Plaintiff's Complaint]. At no point in her complaint to the EEOC did Plaintiff mention – even tangentially – an intent to sue Defendants Lingenfelter or Scrivner. [ECF Document Nos. 1 – 1, 1 – 2, 1 – 3, 1 – 4]. Plaintiff's allegations against Defendants Lingenfelter and Scrivner are not new. The alleged incidents did not happen *after* she filed her charges with the EEOC. Plaintiff had every opportunity and ability to include both Defendants in her charge to the EEOC, as parties against which she intended to pursue litigation.

With regard to Defendants Lingenfelter and Scrivner, Plaintiff failed to participate in the administrative process in good faith, if at all. As such, Plaintiff has clearly failed to exhaust her administrative remedies at the federal level as against Defendants Lingenfelter and Scrivner. On this basis,

8

Plaintiff's Counts I, II, VI, and VII against both Defendants should be dismissed.

> ### ii. *Plaintiff's State Law Claims are barred based on a failure to exhaust administrative remedies.*

"Missouri follows the exhaustion of administrative remedies doctrine, which provides that where a remedy before an administrative agency is available, relief must be sought by exhausting this remedy before the courts will act." *Lederer v. Dir. of Div. of Aging*, 865 S.W.2d 682, 684 (Mo. App. W.D. 1993). "Exhaustion of administrative remedies is a prerequisite to any MHRA claim." *Brada v. Midwest Division – RMC, LLC,* Not Reported in F.Supp3d (2015) (citing *Rub. Sch. Ret. Sys. Of Sch. Dist. Of Kansas City v. Mo. Comm'n on Human Rights*, 188 S.W. 3d 35, 44 (Mo. Ct. App. 2006)). "Exhaustion occurs when every step of the administrative procedure has been completed and the agency renders a final decision." *Parker v. City of St. Joseph*, 167 S.W.3d 219, 221 (Mo. App. W.D. 2005). "A decision is final if the agency arrived at a terminal, complete resolution of the case." *Id.* (citations and punctuation omitted). "Where there exists a plain, adequate, and complete remedy for redress of plaintiffs' grievances under . . . state procedures, [the courts] lack authority to permit a by-pass of that procedure." *James v. City of Jennings*, 735 S.W.2d 188, 190 (Mo. App. E.D. 1987). Moreover, where a

person has consented to an administrative agency's jurisdiction, they cannot bypass the administrative procedures by a collateral attack in a suit for damages. *Lederer*, 865 S.W.2d at 685.

Missouri Revised Statute Section 213.075.1 requires that any charge filed with the Missouri Commission on Human Rights ("MHRC") must be filed within 180 days of the alleged act *and* must "set forth the particulars" of the charge. The purpose for setting forth the particulars, much like the Federal requirement before the EEOC, is to alert the parties, to give *notice*; and to allow the administrative body their jurisdiction over the claims. *Alhalabi v. Missouri Department of Natural Resources*, 300 S.W.3d 518 (Mo. App. E.D. 2009); *Lederer*, 865 S.W.2d. "Prior to any suit in circuit court, a complainant under the MHRA is required to file a complaint with the MCHR in order to give the agency the opportunity to determine the validity of the claim, to investigate, and to determine if there is probable cause that discrimination has taken place." *State ex rel. Washington University v. Richardson,* 396 S.W. 3d 387, 397 (2013) (citing *Igoe v. Dep't of Labor and Indus. Relations of State of Mo.*, 152 S.W.3d 284, 287 (Mo. banc 2005). While courts may be encouraged to liberally construe administrative complaints and the content of those complaints, Missouri case law does not encourage an expansive view when it comes to adding *new and previously*

*unexamined* parties. "Failure to name an individual in an administrative charge may preclude bringing a subsequent civil action against that person." *Barada* at *2 (quoting *Stoker v. Lafarge N. Am. Inc.,* No. 4:12 – CV – 0504 – DGK, 2013 WL 434049, at *3 (W.D. Mo. Feb 5, 2013) (citing *Hill v. Ford Motor Co.,* 277 S.W.3d 659 (Mo. 2009) (en banc)).

Courts use a four factor test to determine whether a Plaintiff may go forward with litigation against a party not directly named in the Plaintiff's initial charge at the MCHR administrative stage:

> 1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the MCHR complaint; 2) whether, under the circumstances, the interests of a named are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unmated party in the MCHR proceedings; 3) whether its absence from the MCHR proceedings resulted in actual prejudice to the interests of the unnamed party; 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Barada* at *3 (citing *Hill*, 277 S.W. 3d at 669 – 70). *Barada* is directly on point with this case on roughly all four factors.

At no point in her complaint to the MCHR does Plaintiff mention either Defendant Scrivner or Defendant Lingenfelter. Further, a suit against either Defendant does not directly flow from a suit against her employer for

discrimination based on disability, race, retaliation, or age. The content of Plaintiff's complaint is clearly directed toward Judge Missey and his alleged treatment of Plaintiff. Firstly, actions allegedly taken by Defendants against Plaintiff occurred long before Plaintiff filed her charge against "the 23rd Judicial Circuit." [ECF Document No. 1-2, Plaintiff's Exhibit B at p.1]. Defendants Lingenfelter and Scrivner's identities were known to Plaintiff prior to filing her charge and, thusly, perfectly ascertainable. Secondly, the interests of the named parties under the charge – the 23rd Judicial Circuit – are not similar to Defendants Lingenfelter and Scrivner's interests. "The risk of each individual being personally sued is far different than a suit against their employer." *Borders*, 2010 WL 5130343, at *3. Lingenfelter and Scrivner are both sued in their individual capacity. Their rights and interests are completely separate from the interests of the Twenty-Third (23) Judicial Circuit, Michael Reuter, and the State of Missouri (yet another Defendant).

To the third point of the *Barada* test:

By not naming [Defendants], Plaintiff deprived [Defendants] of the opportunity to participate in the administrative conciliation process. There is no allegation that [Defendants] had notice of the MHRC Charge or had an opportunity to participate in the conciliation or fashion some sort of resolution without litigation.

*Barada* at *4. It is the same here, even to the point that "[t]he analysis under *Hill* also demonstrates that Plaintiff cannot state a plausible claim for relief

against [Defendants]." *Id* at \*5; *see* Sections D, E, F and G, below. As such, Plaintiff has clearly failed to exhaust her administrative remedies at the state level as against Defendants Lingenfelter and Scrivner. Plaintiff's Counts IV and V, against both Defendants, should be dismissed.

### C. Plaintiff's State and Federal Conspiracy Claims fail.[2]

Throughout her Complaint, Plaintiff alleges that Defendants acted "in concert." [ECF Document No. 1 at ¶¶ 90, 103, 107, 110, 111, 116, 120, 123, 125, 130]. While these are legal conclusions not entitled to the presumption of truth, it is worthwhile to briefly address Plaintiff's potential allegations of conspiracy amongst the named Defendants.

#### i.  *Plaintiff's Potential Federal Conspiracy Claims Fail*

"[A] civil rights complaint 'must contain facts which state a claim as a matter of law and must not be conclusory.'" *Gregory v. Dillards, Inc.*, 565 F.3d 464, 473 (8th Cir 2009) (quoting *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995)). Federal courts require particularity and specificity when pleading Section 1983 conspiracy claims because, as here, baseless conspiracy allegations are easily or tangentially tacked on in the hope of increasing

---

[2] Though Plaintiff does not directly count an established claim of Conspiracy against Defendants, throughout her Complaint, Plaintiff alleges that the named Defendants acted "in concert." Defendants address potential Federal and State conspiracy claims as part of their larger argument against the vague and amorphous nature of Plaintiff's Complaint.

opportunities for relief. *Reasonover v. St. Louis County*, 447 F.3d 569, 582 (8th Cir. 2006) (§1983 conspiracy claim requires plaintiff to "allege with particularity and specifically demonstrate material facts that the defendants reached an agreement") (quoting *Marti v. City of Maplewood*, 57 F.3d 680, 685 (8th Cir. 1995)). To properly state a claim of Conspiracy under Section 1983, a plaintiff must plead that the defendant "(1) conspired with others to deprive him or her of a constitutional right; (2) at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and (3) the overt act injured the plaintiff." *Helmig v. Fowler*, 828 F.3d 755, 763 (2016) (quoting *Askew v. Millerd*, 191 F.3d 953, 957 (8th Cir. 1999)).

"To show that a defendant conspired with others, the complaint must include facts showing that the defendant had a 'meeting of the minds' with another conspirator—that they reached an agreement to violate the plaintiff's constitutional rights. *Kalu v. Brooklyn Police Park/Federation*, No. 15 – CV – 112 (SRN/JJK), 2015 WL 5719462, at *8 (D. Minn. September 28, 2015), citing *Burton v. St. Louis Bd. of Police Comm'rs*, 731 F.3d 784, 798 (8th Cir. 2013); *Barstad v. Murray County*, 420 F.3d 880, 887 (8th Cir. 2005). Without Plaintiff's legal conclusions that Defendants "acted in concert," Plaintiff fails to allege *any* facts sufficient to even infer (much less establish) that Defendants ever had a meeting of the minds or that they even knew each

other. As such, any construed federal Conspiracy Claims against Defendants should be dismissed.

### ii. Plaintiff's Potential State Law Conspiracy Claims Fail

Missouri cases use one of two sets of elements for a claim of civil conspiracy, with the set used depending on the context of the allegations. *Envirotech, Inc. v. Thomas*, 259 S.W.3d 577, 586 (Mo. Ct. App. 2008). The first set includes these elements: "(1) two or more persons; (2) an object to be accomplished; (3) a meeting of minds on the object or course of action; (4) one or more unlawful acts; and, (5) damages." *Id.* (citing *Lyn–Flex West, Inc. v. Dieckhaus,* 24 S.W.3d 693, 700 (Mo. Ct. App. 1999)). The second set states the elements slightly differently: "(1) two or more persons; (2) with an unlawful objective; (3) after a meeting of the minds; (4) committed at least one act in furtherance of the conspiracy; and, (5) the plaintiff was thereby damaged." *Id.* (citing *Creative Walking, Inc. v. Am. States Ins. Co.,* 25 S.W.3d 682, 688 (Mo. Ct. App. 2000)). A plaintiff must show that either the means or the ends in a civil conspiracy were unlawful. *Id.*

Plaintiff fails to allege *any* facts sufficient to establish a meeting of the minds amongst the Defendants or an unlawful purpose. Every paragraph in which Plaintiff alleges that Defendants acted in concert constitutes a legal conclusion not entitled to the presumption of consideration or truth in

determining whether Plaintiff has state a claim against Defendants. As such, any construed state law Conspiracy Claims against Defendants should be dismissed.

### D. Plaintiff fails to establish sufficient personal involvement to state claims against Defendants.

A Plaintiff must allege, at a minimum, that a defendant was personally involved in, or was directly responsible for, the violation of Plaintiff's constitutional rights. *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007). Throughout her Complaint, Plaintiff slings irrelevant, unrelated and distracting allegations at Defendants Lingenfelter and Scrivner. Plaintiff is so cavalier with her allegations and unfamiliar with Defendants that she frequently alternates between referring to Defendant Scrivner as "Ashley," and "Christy."

The majority of the allegations levied by Plaintiff at Defendants throughout her Complaint are legal conclusions not entitled to the assumption of truth in determining the adequacy of a plaintiff's complaint. *Ashcroft,* 556 U.S. 662, 678 (2009). Beyond her legal conclusions, Plaintiff fails to allege any facts sufficient to establish that either Defendant Lingenfelter or Scrivner took any racially or politically motivated actions against her. In fact, there were no allegations of racial or political

16

discrimination by Defendants in *either* Plaintiff's EEOC or MCHR charges. Pleading that Defendants are not qualified for their jobs (or that Defendants didn't like Plaintiff and filed reports to that effect) (ECF Document No. 1 at ¶¶74, 75, 76, 84 - 89) is insufficient to establish any personal liability or indeed any allegations upon which to build *any* state or federal claims of political or racial discrimination, retaliation claims, or equal protection claims. *Cf Barry v. Moran*, 661 F.3d 696 (1st Cir. 2011) (distinguishing "cronyism" from actionable political affiliation discrimination). "'Back-scratching, log-rolling, horse-trading, institutional politics, envy, nepotism, [and] spite' are not illegal motivations for employment decisions." *Id* at 708 (quoting *Stratton v. Dep't for the Aging for City of New York*, 132 F.3d 869, 880 (2d Cir. 1997)). As such, *all* Plaintiffs' Counts, against Defendants Lingenfelter and Scrivner, should be dismissed.

### E. Plaintiff's State Law Claims of Counts IV and V fail.[3]

> #### i. Plaintiff's claims asserted in Count IV, fail: Plaintiff fails to state a claim of employment discrimination against Defendants under the MHRA.

In Count IV, Plaintiff alleges a claim of Race-based Discrimination

---

[3] Plaintiff's claims are not addressed in numerical order. For ease of analysis and to avoid repetition of standards or frequent switching between standards, Plaintiff's claims are separated into State Claims and Federal Claims and addressed accordingly.

under the MHRA against Defendants Lingenfelter and Scrivner – amongst others not addressed herein. [ECF Document No. 1 at ¶26]. Plaintiff fails to allege facts sufficient to establish any personal involvement of Defendants Lingenfelter and Scrivner and further fails to allege facts and cannot allege facts sufficient to establish any claims of employment discrimination against Defendants under the MHRA.

The MHRA <u>used</u> to define an "employer" as: "the state, or any political or civil subdivision thereof, or any person employing six or more persons [] and any person directly acting in the interest of an employer [.]" Section 213.010(7) R.S.Mo (quotations omitted). Missouri Courts interpreted "any person directly acting in the interests of an employer" as meant to include supervisory employees of the Plaintiff's employer or a subsidiary of that employer. *See Leeper v. Scorpio Supply IV, LLC*, 351 S.W.3d 784 (2011) (discrimination claim alleging vicarious supervisory-liability); *Hill v. Ford Motor Co.,* 277 S.W.3d 659 (Mo. banc, 2009) (discrimination claim against an employer and its senior supervisor); *see also Diaz v. Autozoners, LLC*, 484 S.W.3d 64 (2015) (case in which the Court found no Missouri cases applying the "directly acting in the interests of" definition outside the context of a supervisory employee).   Plaintiff fails to allege any facts sufficient to establish or infer that either Defendant Lingenfelter or Defendant Scrivner

were her supervisors.

Recent changes to the MHRA, effective date August 28, 2017, dictate that individual employees (including supervisory employees) can no longer be held individually liable. Missouri Revised Statute §213.010(8) (c). Thusly, Plaintiff cannot maintain an MHRA action of employment discrimination against Defendants – under the old MHRA provisions or the new - and her claims should be dismissed.

> ### ii. Plaintiff's claims asserted in Count V, fail: Plaintiff fails to establish any retaliation claims under the MHRA.

To establish a *prima facie* case of retaliatory discrimination under the MHRA, "a plaintiff must prove that (1) she complained of discrimination; (2) the employer took adverse action against her; and (3) a causal relationship existed between the complaint of discrimination and the <u>adverse employment action</u>." *Cooper v. Albacore Holdings, Inc*., 204 S.W.3d 238, 245 (Mo. App. 2006) (emphasis added).  In this case, Plaintiff's claims against Defendants should be dismissed as neither Defendant is her employer under either the old MHRA definition or the new. Beyond that, however, Plaintiff's allegations against Defendants consist only of legal conclusions – not entitled to the presumption of truth - that Defendants "acted in concert to establish a pretext for the termination of [Plaintiff's] employment." [ECF Document No.

1 at ¶ 90].

Plaintiff fails to include any allegations that either Defendant knew of Plaintiff's grievances submitted to Defendant Reuter, the EEOC or the MCHR.   Plaintiff fails to make *any* allegations that either Defendant Lingenfelter or Scrivner sought to retaliate against Plaintiff because Plaintiff filed grievances. Plaintiff's claims in Count V, against Defendants, should be dismissed as Defendants are not Plaintiff's employers and Defendants did not take any adverse employment actions against Plaintiff.

### F. Plaintiff's Federal Claims of Counts I, II, III, VI, and VII, Fail.

>    i.  *Plaintiff's claims asserted in Counts I and II, fail: Plaintiff fails to state any Political Discrimination or Retaliation claims against Defendants.*

It should be noted that, overall, Plaintiff failed to exhaust her administrative remedies with respect to any political discrimination claims against these particular Defendants. However, assuming arguendo she did exhaust her administrative remedies, Plaintiff still fails to allege facts sufficient to establish a claim of political discrimination or retaliation against Defendants. Plaintiff lays out her Political Discrimination Claims in two counts – Count I and Count II. While they are alternatively labeled as separate counts, Plaintiff appears to allege retaliatory discrimination in both counts. Both Counts I and II allege that Defendants allegedly mistreated

Plaintiff *because* she supported a particular political party.

> A claim of political discrimination is based on the employee's status or affiliation; a claim of political retaliation on [her] speech or [her] conduct. [] For all that, the tests used to evaluate political discrimination and retaliation claims are similar enough to be stated together: a plaintiff alleging either claim must make a prima facie showing that he or she suffered an adverse employment action and that the plaintiff's political affiliation (in a political discrimination claim) or activity (in a retaliation claim) was a substantial or motivating factor in the employer's decision to take the adverse employment action.

*Charleston v. McCarthy*, 175 F.Supp.3d 1115, 1122 (S.D. Iowa 2016) (internal

quotations omitted) (*see Wagner v. Jones*, 664 F.3d 259, 270 (8th Cir. 2011);

*St. Louis Univ. Medical Center,* 97 F.3d 268, 270 (8th Cir. 1996)).

In Count I, Plaintiff alleges "Political Discrimination," on the basis

that:

> Defendants Reuter, Lingenfelter and Scrivner, acting in concert, discriminated against Rochelle on the basis of her political affiliation, as a Democrat, and because she supported Jeanette McKee, as a Democrat [] The adverse employment actions of demotion, failure to promote and termination described above were taken against Rochelle because of her political affiliation, as a Democrat, and because she supported Jeanette McKee[.]

[ECF Document No. 1 at ¶ 103]. Although this is a legal conclusion, not

entitled to the presumption of truth, it is also the sole place where Plaintiff

elucidates how Defendants Lingenfelter and Scrivner allegedly politically

discriminated against Plaintiff. It is patently untrue, and Plaintiff fails,

throughout her Complaint, to allege any facts supporting the allegation that either Defendant demoted Plaintiff, failed to promote Plaintiff, or terminated Plaintiff. Further, at no point does Plaintiff allege that either Defendant knew of Plaintiff's political affiliation. As such, Plaintiff's political discrimination claim against both Defendants Lingenfelter and Scrivner, fails and should be dismissed.

In Count II, Plaintiff alleges that Defendants retaliated against her based on her political support of the Democratic candidate for Clerk of the Circuit Court and that she was one of the most "most avid and visible supporters[of the democratic candidate for Clerk.]" [ECF Document No. 1]. At no point does Plaintiff allege that either Defendant Lingenfelter or Defendant Scrivner witnessed or even knew of any politically-motivated activities engaged in by Plaintiff. Neither Defendant Lingenfelter nor Defendant Scrivner are Plaintiff's employers. Neither Defendant has the authority required to make any decision to take an adverse employment action against Plaintiff. Overall, Plaintiff fails to allege that either Defendant knew that Plaintiff engaged in any protected conduct under the First Amendment for which they might retaliate against her.

Beyond failing to allege knowledge, Plaintiff fails to allege retaliatory action. Plaintiff fails to even allege that either Defendant acted against her

**in retaliation for her alleged protected political activity**. Plaintiff simply alleges that neither Defendant liked her and filed official complaints to that effect. "'Back-scratching, log-rolling, horse-trading, institutional politics, envy, nepotism, [and] spite' are not illegal motivations for employment decisions." *Barry v. Moran*, 661 F.3d 696 (1st Cir. 2011) *(*quoting *Stratton v. Dep't for the Aging for City of New York*, 132 F.3d 869, 880 (2d Cir. 1997)). *Cf Id.* (distinguishing "cronyism" from actionable political affiliation discrimination). If these are not illegal motivations for employment decisions, surely they are not illegal motivations for filing complaints against a co-worker. The fact that Defendants allegedly did not like Plaintiff rise to a "personal, not public, concern." *Lindner v. State of Nebraska, Dept. Of Health and Human Services System*, 2001 WL 669271 (8th Cir. 2001) (citing *Cox v. Dardanelle Pub. Sch. Dist.*, 790 F.2d 668, 672 – 73 (8th Cir. 1986)).

Finally, it is notable that Plaintiff's alleged political discrimination and politically-motivated retaliation took place roughly **three years** after Defendant Reuter took office; three years after Plaintiff's alleged political affiliation/activity. [ECF Document No. 1 at ¶¶ 4, 83 – 89]. "Although [] temporal proximity [] is not itself sufficient to satisfy a plaintiff's burden of proof on the causation element of a political discrimination claim, it unquestionably contributes at the motion to dismiss stage to the reasonable

23

inference that the employment decision was politically motivated." *McCarthy*, 175 F.Supp.3d 1125 (quoting *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 19 (1st Cir. 2011)). The delay in time weakens the required causal connection, rendering Defendant's alleged actions against Plaintiff wholly unconnected to any alleged display of political affiliation. *See Lindner v. State of Nebraska, Dept. Of Health and Human Services System*, 2001 WL 669271 (8th Cir. 2001) (finding a "substantial gap in time that defeats the inference that [Plaintiff] was punished because of her speech") (citing *Ingram v. Johnson*, 187 F.3d 877, 880 (8th Cir. 1999)); *see also McCarthy*, 175 F. Supp.3d 1115 (find no causal connection, at the motion to dismiss stage, between alleged adverse actions taken in 2015 based on political affiliation/activity in 2012). "As more time passes between the protected conduct and the retaliatory act, the inference of retaliation becomes weaker [.] The inference vanishes altogether when the time gap between the protected activity and the adverse employment action is measured in months." *Id* at 1127.  Here, Plaintiff asks the Court to accept not months, but three years. As such, Plaintiff's Count II claims of Political Discrimination and Retaliation based on protected affiliation and activity should be dismissed.

> ii. *Plaintiff's claims asserted in Count III, fail: Plaintiff fails to establish any Equal Protection Claims under the United States Constitution.*

Plaintiff brings Equal Protection Claims against her co-worker Defendants Lingenfelter and Scrivner under the Fifth Amendment to the United States Constitution. To prove an equal protection claim, a public employee must show: "(1) that [she] was singled out and treated differently from persons similarly situated, and (2) that the plaintiff was singled out on the basis of a prohibited characteristic[.]" *Mercer v. City of Cedar Rapids, Iowa*, 79 F.Supp.2d 1055, 1062 (N.D. Iowa 1999) (citing *Ellebracht v. Police Bd. of Metro. Police Dep't of City of St. Louis*, 137 F.3d 563, 566 (8th Cir. 1998)). Plaintiff fails to allege that either Defendant treated Plaintiff at all differently than her similarly-situated co-workers. Plaintiff fails to allege that either Defendant took issue with her because of any protected characteristic, in any way. *See Lindner v. State of Nebraska, Dept. Of Health and Human Services System*, 2001 WL 669271 (8th Cir. 2001).

Plaintiff's Equal Protection Claim against Defendants is but a smoke screen; a duplicative attempt to bring suit against as many individuals as possible to maximize recovery potential. Plaintiff fails to even attempt to allege facts sufficient to state an Equal Protection Claim against Defendants Lingenfelter and Scrivner. As such, Plaintiff's claims in Count III should be

dismissed *with prejudice.*

> ### iii. *Plaintiff's claims asserted in Counts VI and VII, fail: Plaintiff fails to establish any Discrimination or Retaliation Claims under Title VII of the Civil Rights Act.*

Plaintiff sues Defendants Lingenfelter and Scrivner for racial discrimination and retaliation under Title VII of the Civil Rights Act. [ECF Document No. 1 at ¶¶ 135 – 141]. "Title VII provides a cause of action for any acts of [] discrimination engaged in by an employee's employer [], it is equally clear that a defendant must qualify as an 'employer,' [] before he can be held individually liable for any such discrimination." *Grissom v. Waterloo Industries, Inc.*, 902 F.Supp. 867, 869 (1995) (citing *Graves v. Women's Professional Rodeo Ass'n, Inc.,* 907 F.2d 71 (8th Cir. 1990)). "[T]he Eighth Circuit has held that co-workers may not be held individually liable under Title VII[.]" *Id.* (citing *Smith v. St. Bernards Regional Med. Ctr.,* 19 F.3d 1254, 1255 (8th Cir. 1994). Defendants Lingenfelter and Scrivner are Plaintiff's co-workers. Even assuming arguendo Lingenfelter or Scrivner were properly pled as supervisors, the Eight Circuit has held that neither co-workers nor supervisors may be held individually liable under Title VII. *Grissom*, 902 F.Supp.867, 870 (citing *Carter v. Lutheran Med. Ctr.,* 879 F.Supp. 94, 95 (E.D. Mo. 1995)). For the above reasons, there exists no set of facts that Plaintiff may allege to properly state a claim against Defendants

under Title VII. As such, both Plaintiff's discrimination and retaliation claims in Counts VI and VII, against Defendants, should be dismissed.

### G. Defendants are protected by qualified immunity from Plaintiff's claims.

Qualified immunity provides governmental officials with immunity from suit "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person should have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). Qualified immunity is immunity from suit rather than a mere defense of liability. *See Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985). The Supreme Court has established a two-prong analysis for determining whether qualified immunity applies: 1) whether the facts a plaintiff has shown make out a violation of a statutory or constitutional right; and 2) whether the right was clearly established at the time of defendant's alleged conduct. *Pearson v. Callahan*, 129 S.Ct. 808, 816 (2009) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). The two prongs can be considered in any order. *Id.* at 818.

In this instance, Plaintiff wholly fails to make any showing of any violations of her statutory or constitutional rights. *See* Sections A – G, above. Further, Plaintiff fails to clearly establish a constitutional right. For a right to be clearly established, "[t]he contours of the right must be sufficiently clear

that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). Plaintiff's rights – in this case the right to be free from having complaints filed against her (true or false), the right to be liked, the right to be free from being ignored – are not clearly established, in that they are nonexistent. Plaintiff cannot force her co-workers to like her. While filing an allegedly false complaint may be unsavory, it is not actionable or breach of a constitutionally protected right. As such, Plaintiff's claims against Defendants should be dismissed.

## CONCLUSION

WHEREFORE, Defendants Lingenfelter and Scrivner respectfully requests that the Court dismiss Plaintiff's Complaint.

Respectfully submitted,

**JOSHUA D. HAWLEY**
Missouri Attorney General

/s/ *Chelsea W. Draper*
Chelsea W. Draper #64824MO
Assistant Attorney General
Missouri Attorney General's Office
P.O. Box 861
St. Louis, MO 63188
Phone:  (314) 340-3432
Fax:  (314) 340-7029
Email: Chelsea.Draper@ago.mo.gov

*Attorney for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this January 30, 2018, the foregoing was filed electronically with the Clerk of the Court to be served upon all parties by operation of the Court's electronic filing system.

*/s/Chelsea W. Draper*
Chelsea W. Draper
Assistant Attorney General